PEOPLE v EWING

Docket No. 58077. Submitted June 6, 1983, at Lansing.—Decided August 1, 1983.

Richard Ewing was bound over to circuit court on a charge of malicious destruction of property over a value of $100. He was accused of having gained access to copies of an upcoming National Certified Public Accountant Examination and having offered to sell copies of the examination. The discovery of the offer led to the preparation of new examinations by the American Institute of Certified Public Accountants. The Ingham Circuit Court, James R. Giddings, J., granted defendant's motion to quash the information and the people appeal. *Held:*

The offense of malicious destruction of property requires a showing that the property was destroyed or injured and that the defendant specifically intended to destroy or injure the property. Further, there must be a showing of actual physical damage to the property; it is insufficient to show merely that the functional utility of the property was destroyed. There was no showing that there was any physical damage to the examinations, nor that the defendant intended to cause injury to the property. Therefore, it was an abuse of discretion to bind the defendant over for trial on that offense.

Affirmed.

1. Criminal Law — Preliminary Examination — Evidence.

An examining magistrate is to bind a defendant over for trial if it appears that a crime has been committed and that there is probable cause to believe that defendant committed it; positive proof of guilt is not required, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred (MCL 766.13; MSA 28.931).

2. Criminal Law — Malicious Destruction of Property.

A charge of malicious destruction of property over $100 requires a showing that property of another was destroyed or injured,

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 412, 413, 424, 425.

[2] 52 Am Jur 2d, Malicious Mischief §§ 1, 9, 10, 19.

that the damage resulting from the injury exceeded $100, and that the defendant specifically intended to injure or destroy the property; further, it must be shown that physical damage to the property itself occurred, it being insufficient to establish merely that the functional utility of the property was destroyed (MCL 750.337a; MSA 28.609[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for the people.

*Warren, Carruthers & Hess, P.C.* (by *R. Bruce Carruthers* and *Steven C. Hess),* for defendant.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

DANHOF, C.J. Defendant was charged with malicious destruction of property over $100, MCL 750.377a; MSA 28.609(1), and with two misdemeanor charges of conspiracy to commit a bribe, MCL 750.157a; MSA 28.354(1), and solicitation of a bribe, MCL 750.125; MSA 28.320.

After defendant was bound over to circuit court on the malicious destruction charge, Ingham County Circuit Court Judge James R. Giddings granted his motion to quash the information. The prosecution appeals as of right.

In 1979, defendant was an employee of the Michigan Department of Licensing and Regulation. The department had in its possession copies of the National Certified Public Accountant (CPA) Examination which was to be administered in the fall of 1979 to CPA candidates throughout the United States. The examination was to be administered by the American Institute of Certified Public Accountants (AICPA).

On October 24, 1979, the testing director of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

AICPA received a telephone call from a Michigan CPA who informed him that he had been asked if he wished to purchase a copy of the upcoming examination for $1,500. The following day, the examinations in the possession of the department were inspected and it was discovered that the boxes containing the examinations had been opened and that the cellophane wrapping in which the examinations were sealed had also been opened. Although no examinations were found to be missing, defendant's fingerprints were found on each of the five separate parts of one of the examinations.

On the basis of the foregoing, the AICPA decided to prepare new examinations at a cost of $223,000.

An examining magistrate is to bind a defendant over for trial if it appears that a crime has been committed and that there is probable cause to believe that defendant committed it. MCL 766.13; MSA 28.931; *People v Waters,* 118 Mich App 176, 182-183; 324 NW2d 564 (1982). Although positive proof of guilt is not required, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. *Waters, supra.*

MCL 750.377a; MSA 28.609(1) provides:

"Sec. 377a. Any person who shall wilfully and maliciously destroy or injure the personal property of another, by any means not particularly mentioned or described in the preceding section, if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony. If the damage done shall be $100.00 or less, such person shall be guilty of a misdemeanor."

The statute requires a showing that the property

of another was either destroyed or injured and, if a felony is charged, that the damage resulting from such injury exceeded $100. In addition, it must be shown that defendant specifically intended to injure or destroy the property. *People v Culp,* 108 Mich App 452, 458; 310 NW2d 421 (1981).

In the present case, there was no evidence presented to establish that defendant intended to cause injury to the property in question. On the contrary, it appears that he hoped that his deed would go undiscovered so that he could sell the examinations and profit thereby.

In addition, we are of the opinion that in order to have proceeded under this statute, the prosecutor was required to show that physical damage to the property itself occurred. See *United States v Jenkins,* 554 F2d 783 (CA 6, 1977). It was not sufficient merely to establish that the functional utility of the property was destroyed. In this case, there was no showing of any physical damage to the examinations themselves.

We believe that defendant would have more properly been charged with a theft-related offense. See, *e.g., United States v Bottone,* 365 F2d 389 (CA 2, 1966), where the court held that the removal of documents describing secret processes for the manufacture of antibiotics constituted transportation of stolen goods in interstate commerce. The court made its finding despite the fact that the materials transported were only photocopies of the original documents and that the original documents themselves were not taken. See also *United States v Seagraves,* 265 F2d 876 (CA 3, 1959); *United States v Lester,* 282 F2d 750 (CA 3, 1960).

In any event, since evidence was not presented on each element of the charged offense, the magis-

trate's decision was properly determined by the circuit court to be an abuse of discretion.

In view of our determination with respect to the foregoing, we find it unnecessary to address the issue raised by defendant on appeal.

Affirmed.