PEOPLE v EDWARDS

Docket No. 97527. Submitted March 8, 1988, at Detroit. Decided
September 20, 1988. Leave to appeal applied for.

Travis Lee Edwards was charged in the Recorder's Court for the
City of Detroit with two counts of first-degree felony murder,
one count of assault with intent to commit murder and posses-
sion of a firearm during the commission of a felony. Following
a bench trial, the trial court, Vera Massey Jones, J., found
defendant guilty of two counts of second-degree murder, one
count of assault with intent to commit murder and possession
of a firearm during the commission of a felony. Defendant
appealed.

The Court of Appeals *held:*

1. The testimony at the preliminary examination regarding
the commission of a larceny was sufficient for the magistrate to
bind defendant over on two counts of felony murder. The trial
court properly denied defendant's motion to quash the bind-
over.

2. The evidence was insufficient as a matter of law to support
the finding of either a larceny or an attempted larceny beyond
a reasonable doubt. The trial court's erroneous denial of defen-
dant's motion for a directed verdict was, however, rendered
harmless when the judge, sitting as the trier of fact, convicted
the defendant of a lesser offense for which there was sufficient
evidence adduced. The possibility of a compromise verdict was
virtually nonexistent under the facts presented here.

3. The trial court's findings of fact were adequate since they
reflected an awareness of the issues raised at trial and correctly
applied the law.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 702 *et seq.*
Am Jur 2d, Criminal Law §§ 411 *et seq.*
Am Jur 2d, Homicide §§ 568 *et seq.*
Am Jur 2d, Trial §§ 481 *et seq.,* 1250 *et seq.*
What constitutes attempted murder. 54 ALR3d 612.
See the Index to Annotations under Direction of Verdict; Prelimi-
nary or Pretrial Matters; Trial; Trial by Court.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

    A circuit court, in reviewing a bindover, may not substitute its judgment for that of the magistrate and may overturn a bindover only if the magistrate abused his discretion; only the evidence adduced at the preliminary examination should be considered by the circuit court.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION.

    The evidence adduced at a preliminary examination is sufficient to support a bindover if it appears that a crime has been committed and that there is probable cause to believe that the defendant committed it.

3. CRIMINAL LAW — DIRECTED VERDICT.

    The evidence presented up to the time that a motion for a directed verdict is made, viewed in a light most favorable to the prosecution, must be sufficient to enable a rational trier of fact to conclude that the elements of the crime were proven beyond a reasonable doubt in order to withstand the motion.

4. CRIMINAL LAW — DIRECTED VERDICT — APPEAL — HARMLESS ERROR.

    The erroneous denial of a motion for a directed verdict is rendered harmless where the judge, sitting as the trier of fact, ultimately convicts the defendant of a lesser offense for which sufficient evidence has been adduced.

5. CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER — INTENT.

    A conviction for assault with intent to commit murder must be premised upon the defendant's specific intent to kill.

6. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

    Findings of fact in a criminal bench trial are adequate if they reflect an awareness of the issues raised at trial and correctly apply the law.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for defendant on appeal.

Before: McDonald, P.J., and Holbrook, Jr., and T. R. Thomas,* JJ.

Per Curiam. After a bench trial, defendant was convicted of two counts of second-degree murder, MCL 750.317; MSA 28.549, for the gunshot-inflicted deaths of Cody Lynn and St. Clair Roderick Griffin, assault with intent to commit murder (of Robert Perkins), MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent prison terms of twenty to sixty years for each of the murder and assault convictions and a consecutive two-year term for the felony-firearm conviction. Defendant appealed.

For the homicides of Lynn and Griffin, defendant was originally charged with first-degree felony murder on the allegation that the killings were committed in the perpetration or attempted perpetration of a larceny. MCL 750.316; MSA 28.548. The evidence shows, and the trial court ultimately found, that Perkins and Lynn dealt in illicit drugs out of the house where the shooting occurred. Defendant entered the house with the intention of purchasing cocaine. It was the prosecutor's theory on the felony-murder charges that defendant committed the predicate offense of larceny or attempted larceny by stealing cocaine. Defendant challenged the sufficiency of the evidence for the predicate offense by filing a motion to quash the bindover and by moving for a directed verdict at the close of the prosecutor's proofs. The trial court denied both motions. At trial, Robert Perkins testified that defendant wanted to purchase cocaine on credit. Perkins saw no money change hands. After the shootings and

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's departure from the house, Perkins believed that seven or eight packets of cocaine, worth about $100, were missing from a little jewelry box located in close proximity to the place where Lynn and defendant had discussed the cocaine transaction. Perkins believed that Lynn had $150 cash in his pocket after the shooting and inferred that the cash resulted from a sale of cocaine to defendant, although Perkins admitted that his belief regarding cash on Lynn's person was not based on personal knowledge. Perkins believed that the cocaine was missing because the jewelry box was found open and empty on the floor. He observed the box at various times within the three-hour period previous to the shooting. The box was closed during these observations. Perkins was not actually selling the drugs and did not see any sales of cocaine from the box that day, although he did see sales of cocaine made from the box the previous day. Defendant knew from his previous purchases that cocaine was stored in the box. Perkins did not see defendant take anything from the box, although he heard someone "rummaging like somebody was looking for something" after the shootings. After the shooting was over, Perkins went outside to get help and told a friend to call an ambulance, that they had been robbed and that persons had been shot.

At the conclusion of trial, the court found:

> Now, the evidence in this case discloses that when the defendant shot Mr. Lynn, he was motivated either by an intent to steal or anger. Mr. Perkins was evasive when questioned about his participation in selling coke at that time. Therefore, I am not sure that the box contained any cocaine, nor that this defendant knew about the box. The fact that the box was found open and empty does not convince me beyond a reasonable

doubt of a larceny or an attempted larceny. That box might have fallen to the floor during the shooting or at some other time.

The court accordingly reduced the first-degree murder charges to convictions for second-degree murder.

At the preliminary examination, Perkins testified that the box contained cocaine at the time of defendant's arrival at the house and that the box was found on the floor after the incident open and empty. He saw no one actually take the cocaine. There was no indication from the record of this hearing that Perkins' testimony was based on something other than personal knowledge.

In order to prove a larceny, the prosecutor must show the following: (1) an actual or constructive taking of goods or property, (2) an asportation of the same, (3) with an intent to permanently deprive the owner, (4) of property that does not belong to the defendant, (5) against the will and without the consent of the owner. *People v Goodchild,* 68 Mich App 226, 232; 242 NW2d 465 (1976), lv den 397 Mich 830 (1976). An attempt to commit a crime occurs when the defendant (1) has an intent to do an act or to achieve certain consequences which in law amount to the crime and (2) commits an act in furtherance of that intent which goes beyond mere preparation. *People v Frost,* 148 Mich App 773, 776; 384 NW2d 790 (1985), lv den 425 Mich 867 (1986).

The evidence adduced at a preliminary examination is sufficient to support a bindover if it appears that a crime has been committed and that there is probable cause to believe that the defendant committed it. *People v Waters,* 118 Mich App 176, 182-183; 324 NW2d 564 (1982), lv den 417 Mich 1053 (1983). In reviewing a bindover, the circuit court

may not substitute its judgment for that of the magistrate, but may overturn the bindover only if the magistrate abused his discretion. *Id.,* p 183. Only the evidence adduced at the preliminary examination should be considered. *Id.* We conclude that the circuit court's denial of the motion to quash was proper. The testimony at the preliminary examination regarding the commission of a larceny was sufficient for the magistrate to bind defendant over on two counts of felony murder.

In order to withstand a motion for a directed verdict, the evidence up to the time the motion is made, viewed in a light most favorable to the prosecution, must be sufficient to enable a rational trier of fact to conclude that the elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Whether the proofs at trial were sufficient to prove that this defendant committed a larceny or attempted larceny presents a close question. The proofs of a larceny are circumstantial in nature and a determination of sufficiency would require that extremely tenuous inferences be drawn. In this case, there is a paucity of competent evidence showing that the box actually contained cocaine at the time of defendant's arrival or that defendant acted with a larcenous intent. We conclude that the evidence was insufficient as a matter of law to support the finding of either a larceny or an attempted larceny beyond a reasonable doubt.

What remains to be decided is whether the error was harmless. Defendant relies on *People v Vail,* 393 Mich 460, 463-464; 227 NW2d 535 (1975), for the proposition that an erroneous denial of a directed verdict on the charged offense requires reversal even though the defendant is ultimately convicted of a lesser offense supported by sufficient

evidence. The rationale of *Vail* is that the defendant is prejudiced because the jury is prone to arrive at a compromise verdict premised upon its finding of guilt of the original charge, which, in turn, may be tempered by mercy or by some jurors' belief that defendant's guilt should, as a factual matter, be fixed at a lower level. However, we find that *Vail* is inapposite in this bench trial. Generally, error is less likely to be deemed to require reversal in a bench trial because the judge is less likely to be deflected from the task of fact-finding by prejudicial considerations that a jury might find compelling. See, e.g., *People v Daniels,* 163 Mich App 703, 709-710; 415 NW2d 282 (1987), lv den 430 Mich 854 (1988); *People v Garfield,* 166 Mich App 66, 79; 420 NW2d 124 (1988). In *People v Cazal,* 412 Mich 680, 689; 316 NW2d 705 (1982), the Supreme Court recognized that the possibility of a compromise verdict does not inhere in a bench trial:

> When a trial judge sits as a trier of fact, the judge's role is more circumscribed and the possibility of an inappropriate compromise judgment is significantly reduced or eliminated. The judge's duty is to find facts based on the evidence presented and to apply the law to those facts. This duty is reinforced by the requirement that the judge articulate the facts found and the conclusions of law upon which the judgment is based. Also, the stricter standard of review applied on appeals from a trial judge's findings of fact is a reflection of the differences between the roles performed by a judge and a jury. [Citations omitted.]

Based on this reasoning, we conclude that an erroneous denial of a directed verdict is rendered harmless when the judge, sitting as the trier of fact, ultimately convicts the defendant of a lesser offense for which sufficient evidence has been ad-

duced. Moreover, it is clear from a reading of the court's findings of fact that the court found Perkins' testimony concerning defendant's guilt to be credible and that the court rejected as incredible defendant's self-serving testimony that explained the shootings as self-defense. Thus, the possibility of a compromise verdict was virtually nonexistent under the facts presented here, and any error was therefore harmless beyond a reasonable doubt.

Defendant also argues that the following finding of the trial court was ambiguous:

> When the defendant turned the gun on Mr. Perkins, he intended to kill or to do great bodily harm to Mr. Perkins. Mr. Perkins advanced on the defendant, but he was an unarmed man. The defendant had the gun, and he could have safely retreated if his only reason for shooting was to defend himself against Perkins.
>
> I am convinced that was not his intent. His intent in fact was to kill Mr. Perkins at that time; and therefore he is guilty of assault with intent to murder in the count involving Mr. Perkins.

Immediately prior to announcing this finding, the court found that defendant was guilty of second-degree murder because he shot Lynn with the intent to kill or to inflict great bodily harm.

A conviction for assault with intent to commit murder must be premised upon the defendant's specific intent to kill. *People v Guy Taylor,* 422 Mich 554; 375 NW2d 1 (1985). Although there is a split in authority among the published decisions of this Court regarding the standard for evaluating findings of fact in a criminal bench trial, most panels have subscribed to the view that findings are adequate if they reflect an awareness of the issues raised at trial and correctly apply the law. *Daniels, supra,* p 709.

We understand the first sentence of the trial court's finding quoted above to demonstrate an awareness of the factual issue, i.e., whether defendant possessed the intent to kill requisite to assault with intent to commit murder or whether defendant merely possessed an intent to do great bodily harm that would result in conviction of a lesser offense. The court's findings then reject the theory of self-defense. By stating that it was not convinced that self-defense explained defendant's state of mind, we conclude that the trial court reasoned that an intent to do great bodily harm would be more consistent with self-defense than an intent to kill. By proceeding to find that defendant's "intent in fact was to kill" and that defendant was "therefore" guilty of assault with intent to commit murder, the trial judge demonstrates to us that she understood the holding in *Taylor* and resolved the issue of the nature of defendant's intent in accordance with that holding.

Affirmed.