*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEPHEN ROBERT GETTER,

        Defendant-Appellant.

UNPUBLISHED
February 21, 2019

No. 340820
Calhoun Circuit Court
LC No. 2017-000512-FC

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant to life imprisonment without parole for the murder conviction, consecutive to two years' imprisonment for the felony-firearm conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and Robert Barroso were best friends for most of their lives, but their relationship became strained in April 2015 when Barroso had an affair with defendant's then-fiancée. Defendant and Barroso engaged in a physical altercation after defendant discovered the affair, and the two men had other disagreements thereafter. The arguments between defendant and Barroso culminated in an agreement to meet at a remote area to fight on December 27, 2016. Defendant testified at trial that he shot Barroso with a .17 caliber rifle and stabbed Barroso with a knife, but that he shot Barroso after Barroso pulled out a knife and stabbed Barroso with that knife while in an adrenaline-fueled state of panic and anger.

At trial, the prosecution introduced evidence that Barroso and defendant exchanged online instant messages on December 27 in which they agreed to fight and agreed on a location. Defendant testified that he considered the matter for 20 minutes before deciding to meet and fight Barroso. Defendant then drove to the residence that Barroso and his mother shared. Barroso's mother testified that defendant accelerated his car from a parked location nearby and almost hit Barroso as he was entering his car. She also testified that defendant threatened to kill

Barroso. Defendant denied threatening to kill Barroso and testified that he only said that he would follow Barroso to the agreed-upon location to fight him.

Defendant testified that he brought a pocket knife, a .17 caliber semiautomatic rifle, and bullets for the rifle with him to the fight location, although he testified that the rifle was in his car for unrelated reasons. Defendant further testified that, at the agreed location, he and Barroso exited their cars. After an exchange of words, Barroso started walking toward him. Defendant testified that he obtained and loaded his rifle, set it on top of his car door and fired four warning shots.[1] He testified that Barroso did not stop advancing and produced a knife, and that he subsequently shot Barroso five times. Defendant stated that he approached Barroso as he lay on the ground, took Barroso's knife, and stabbed him once. However, Barroso's autopsy revealed that he was shot five times in the back and arms and was stabbed five times in the head and neck. A forensic pathologist testified that the gunshots would have rendered Barroso unable to use his arms and legs and that the five stab wounds to Barroso's head and neck were fatal injuries. Defendant admitted at trial that he hid Barroso's body, car, and car keys following his death. Defendant also admitted that he cleaned the location where Barroso died and made false statements to police officers about the incident and Barroso's whereabouts.

Defendant's theory of the case was that he killed Barroso either in a moment of anger or in self-defense. The trial court instructed the jury on the elements of the crimes of first-degree premeditated murder, second-degree murder, voluntary manslaughter, and self-defense. The jury convicted defendant as described.

This appeal followed. On appeal, defendant challenges only the sufficiency of the evidence to support a finding of premeditation.

## II. STANDARD OF REVIEW

This Court reviews de novo a sufficiency of the evidence claim. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). This Court is required to draw all reasonable inferences and credibility determinations in favor of the jury verdict, *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000), because "[j]uries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), mod 441 Mich 1201 (1992) (quotation marks and citation omitted). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted).

---

[1] On cross-examination, defendant testified that he loaded the rifle's magazine while driving to the agreed-upon fight location.

III. ANALYSIS

First-degree premeditated murder is "murder perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." MCL 750.316(1)(a). The prosecution must prove beyond a reasonable doubt that the defendant intentionally caused the death of another person with premeditation and deliberation. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). Premeditation is thinking about a choice beforehand, whereas deliberation is measuring and evaluating the major components of a choice. *People v Woods*, 416 Mich 581, 599 n 2; 331 NW2d 707 (1982). Deliberation and premeditation may be established by showing that there was sufficient time "between [the] initial homicidal intent and ultimate action" during which a reasonable person could subject his or her actions to a "second look." *People v Gonzalez*, 468 Mich 636, 641; 664 NW2d 159 (2003). "Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v Schollaert*, 194 Mich App 158, 170; 486 NW2d 312 (1992). The brutality of the killing or the sheer number of wounds does not, in itself, allow for the inference of premeditation. *People v Hoffmeister*, 394 Mich 155, 159; 229 NW2d 305 (1975). However, premeditation and deliberation can occur in a matter of seconds when reason has resumed control, if even for a brief moment. *People v Oros*, 502 Mich 229, 242-243; 917 NW2d 559 (2018); see also *People v Johnson*, 460 Mich 720, 733; 597 NW2d 73 (1999). For example, premeditation may occur in the time between drawing a handgun and pulling the trigger. See *People v Waters*, 118 Mich App 176, 187; 324 NW2d 564 (1982).

A reasonable jury could find that defendant killed Barroso with premeditation and deliberation. Defendant and Barroso had a long-standing friendship that had turned to enmity over a shared love interest. Barroso's mother testified that defendant threatened Barroso and nearly struck him with his car shortly before the shooting. Defendant admitted during his testimony that he considered for 20 minutes whether to meet Barroso to fight him. Additionally, defendant testified that he made a mental "checklist" of the weapons he had available to him and loaded his rifle magazine on his way to the fight.

Defendant further admitted that, at the scene of the killing, he took time to reach into his backseat to retrieve his rifle. According to his own testimony, defendant did not attempt to talk or reason with Barroso, only telling him to stop as he approached. And defendant's conduct after the killing is also indicative of a premeditated and deliberate murder. This included: hiding Barroso's body, car, and car keys; cleaning the crime scene; and providing misstatements to the police about defendant's conduct and Barroso's whereabouts. The evidence introduced at trial was sufficient to support a reasonable jury's finding that defendant went to the fight location with the intent to kill Barroso. *Schollaert*, 194 Mich App at 170.

Further, even if the initial shooting was not premeditated, the evidence showed that defendant made two distinct lethal choices separated in time — to shoot Barroso five times in his back and arms and to stab Barroso five times in his head and neck. The forensic pathologist testified that Barroso would not have been able to move his arms and legs after the shooting.

Defendant had time to consider the consequences of his actions after shooting Barroso but before he stabbed him.[2] *Oros*, 502 Mich at 242-243. Therefore, even if the jury credited defendant's testimony that he shot Barroso because Barroso approached him with a knife, it could have reasonably inferred from the evidence presented that defendant acted with premeditation and deliberation when he stabbed Barroso after he was no longer a threat. The prosecution presented sufficient evidence to justify a rational trier of fact in finding, beyond a reasonable doubt, that defendant acted with premeditation and deliberation. *Harris*, 495 Mich at 126.

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[2] Even accepting as true defendant's testimony that he felt anxious, fueled by adrenaline, and angry at various points in time leading up to and during the incident, a reasonable jury could identify and infer at least one moment of reason and calm sufficient for defendant to reflect and deliberate prior to the killing.