*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN DEVONNE MCCALL,

        Defendant-Appellant.

UNPUBLISHED
November 9, 2021

No. 354335
Cass Circuit Court
LC No. 18-010359-FH

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Ryan Devonne McCall challenges his bench trial conviction of larceny of more than $1,000 and less than $20,000, MCL 750.356(3)(a), and larceny in a building, MCL 750.360. McCall contends that insufficient evidence supports his convictions, specifically evidence that the stolen funds existed. The owner's testimony sufficed to support McCall's convictions. We affirm.

I

McCall was a frequent guest at Gavin Francis's home, and stayed in Gavin's bedroom between July 28 and August 6, 2018. On August 3, Gavin's brother noticed that $4,000 in cash was missing from the safe Gavin kept under his bed. McCall had also been staying at the Kalamazoo apartment of Gavin's brother, Austin Francis, since the spring of 2018. On August 4, Austin found in the apartment receipts for cash purchases made on August 1 in Kalamazoo: $431.79 for a television from Target; $126 for video games from GameStop, and $160.48 for miscellaneous household items from Target. McCall also owed Austin $290 and paid him back in early August with three "crisp $100 bills."

Gavin called the Cassopolis Police Department on August 4 to report the missing $4,000, which he described as "in the new style $100 bills . . . all crisps." Officer Darr Phillips was unable to recover latent fingerprints from the safe and its contents, however, other trial evidence implicated McCall in the theft. McCall admitted at trial that he lied to Officer Phillips about where he received the money to make the August 1 purchases, including inventing identities for individuals who allegedly lent him money. McCall and his mother also offered convoluted explanations of McCall's personal finances in a further attempt to explain away the accusations of

theft. The trial court found McCall's explanations incredible, accepted Gavin's testimony about the existence of the funds in his safe, and convicted McCall as charged.

II

McCall challenges the sufficiency of evidence offered at trial to convict him of both counts. When reviewing a challenge of the sufficiency of the evidence in a bench trial, an appellate court must view the evidence in the light most favorable to the prosecution. *People v Wardlaw*, 190 Mich App 318, 319, 475 NW2d 387 (1991); *People v Legg*, 197 Mich App 131, 132, 494 NW2d 797 (1992). The standard of review for a bench trial is not whether there was any evidence, but whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. *People v Petrella*, 424 Mich 221, 269-270, 380 NW2d 11 (1985); *Legg*, 197 Mich App at 132. When reviewing challenges to the sufficiency of the evidence, a reviewing court must not interfere with the factfinder's role in deciding the weight and credibility to give to a witness's testimony. *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997). Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. See *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). All conflicts in the evidence must be resolved in favor of the prosecution. See *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The larceny statute, MCL 750.356 states in relevant part:

(3) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the value of the property stolen, whichever is greater, or both imprisonment and a fine:

(a) The property stolen has a value of $1,000.00 or more but less than $20,000.00.

The elements of larceny are:

(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner. [*People v Anderson*, 7 Mich App 513, 516; 152 NW2d 40 (1967).]

See also *People v March*, 499 Mich 389, 400-401; 886 NW2d 396 (2016) ("At common law simple larceny was defined as the felonious taking, and carrying away, of the personal goods of another. We have also described larceny as the unlawful taking of the personal property of another with the felonious intent to deprive the owner of it.") (cleaned up).

Whether the government offered sufficient evidence to support a guilty verdict on the larceny charge is answerable by examining the evidence that the prosecutor adduced at trial with deference to the trial judge as the finder of fact. Here, the evidence was sufficient to justify the conclusion that McCall committed larceny of more than $1,000 but less than $20,000, and larceny in a building, beyond a reasonable doubt.

McCall contends that evidence of the first and fourth elements of larceny is lacking because the prosecution failed to establish the existence of the $4,000. However, the prosecution established through Gavin's testimony that he kept under his bed a small safe with important documents and cash savings. Gavin testified that before August 4, 2018, he had placed $4,000 cash in the safe from earnings from his landscaping business, "Prime Property Care." It was the trial court's prerogative to believe this testimony, and this Court must regard Gavin's testimony as to the existence of the $4,000 as fact. See *Mehall*, 454 Mich at 6.

McCall cites to *People v Edwards*, 171 Mich App 613, 618; 431 NW2d 83 (1988), where this Court reversed the defendant's larceny conviction based on insufficient evidence. The *Edwards* Court reasoned there was "a paucity of competent evidence showing that the box actually contained cocaine at the time of the defendant's arrival." McCall applies the same logic to this case, arguing there is a "paucity of competent evidence showing" that Gavin's safe contained $4,000 at the time McCall stayed in Gavin's room. This case is readily distinguishable from *Edwards*, however. *Edwards* concludes there was a paucity of competent evidence because "proofs of larceny are circumstantial in nature and a determination of sufficiency would require that extremely tenuous inferences be drawn." *Id*. On the contrary, the inferences drawn by the trial court in this case are strong and appropriately drawn directly from the testimony of the owner of the money.

McCall's argument that the prosecution failed to establish a reasonable timeframe within which the money was taken is also unpersuasive. McCall stayed in Gavin's bedroom between July 28 and August 6, and spent almost $1,500 in cash on August 1. The court could reasonably infer from the evidence that the money was stolen by McCall between July 28 and August 1, 2018. McCall spent almost $1,500 in cash two days before Gavin's $4,000 in "crisp $100 bills" was discovered missing, and slept in Gavin's room alone several times within the relevant timeframe. This evidence supports a reasonable inference that McCall stole the money. Moreover, McCall knew for almost one year before the alleged larceny that he would be moving into his own apartment. That McCall began spending cash to purchase household items in the timeframe of the larceny additionally bolsters an inference that McCall had taken the money.

Though this Court need not negate every reasonable theory consistent with a defendant's innocence, McCall would not have needed to live rent free with his mother and later with Austin Francis, and to borrow $290 from Austin if he had saved up several thousand dollars from September 2017 to August 2018. He also would not have immediately alleged that the purchases on August 1 were made with loans or gifts from fake identities if he indeed had several thousand in cash savings. Nor would he have needed to devise stories of one lender's suicide and the other lender's vanishing to Sweden.

Further, one can infer that even though Officer Philips could not recover latent fingerprints at the scene, McCall's admission that his fingerprints would be found on the safe and its contents were an attempt to explain away the possibility of their recovery. This, coupled with evidence of several receipts from August 1, 2018, McCall's repayment of $300 to Austin in early August with "crisp $100 bills," McCall's several failed attempts to create and conceal fake identities, and the repayment plan created by McCall and his mother supplies sufficient circumstantial evidence to

establish that McCall committed larceny of more than $1,000 but less than $20,000, and larceny in a building.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Amy Ronayne Krause