PEOPLE v MEHALL

Docket No. 104412. Decided January 14, 1997. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court for further proceedings.

Thomas D. Mehall was charged in the Washtenaw Circuit Court with two counts of first-degree criminal sexual conduct. After the prosecution rested its case, the court, Thomas Roumell, J., the visiting judge presiding at the trial, denied the defendant's motion for a directed verdict of acquittal. The jury announced that it was deadlocked, and a mistrial was declared on the basis of manifest necessity. The defendant immediately renewed his motion. The visiting judge declined to decide the motion on the ground that it should be presented to the judge assigned to preside at the retrial. Several weeks later, the defendant moved for a directed verdict before Donald Shelton, J., the newly assigned judge, who ruled that the motion should be heard by Judge Roumell. Following a hearing, Judge Roumell conditionally denied the motion, but later ruled that the defendant was entitled to a directed verdict of acquittal because the prosecution had not presented proof beyond a reasonable doubt of the elements of either crime charged. The Court of Appeals, D. E. HOLBROOK, JR., P.J. (JANSEN, J., concurring and O'CONNELL, J., dissenting), while agreeing that the trial judge had erred in granting a directed verdict, dismissed the appeal, finding that the defendant could not be tried again, regardless of the erroneous ruling, because double jeopardy principles preclude a retrial after a directed verdict of acquittal (Docket No. 173820). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice MALLETT, and Justices BRICKLEY, BOYLE, RILEY, and WEAVER, the Supreme Court *held*:

Double jeopardy principles do not preclude another trial. The defendant may be retried because the actual basis of the directed verdict was not insufficient evidence as required by MCR 6.419(A), and the defendant thus was not acquitted.

1. A defendant may not be retried after an acquittal that is granted on the basis of insufficient evidence. However, the trial court's characterization of its ruling is not dispositive, and what constitutes an acquittal is not controlled by the form of the action. A reviewing court must look to the substance of the decision to determine whether the ruling of the trial court, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. Retrial is not permitted if the trial court evaluated the evidence and determined that it was legally insufficient to sustain a conviction.

2. It is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for a directed verdict of acquittal, no matter how inconsistent or vague that testimony might be. A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proven beyond a reasonable doubt.

3. In this case, in ruling on the defendant's motion, there is no indication that the visiting judge considered all the evidence in a light most favorable to the prosecution. By concentrating on the complainant, and disregarding her testimony as unbelievable, the visiting judge failed altogether to rule on the sufficiency of the prosecution's proofs. Thus, there was no acquittal regardless of how the trial court characterized its decision, and a retrial is not precluded on double jeopardy grounds.

Justice CAVANAGH concurred only in the result.

Reversed and remanded.

Justice KELLY took no part in the decision of this case.

213 Mich App 353; 539 NW2d 593 (1995) reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Assistant Prosecuting Attorney, for the people.

*Arthur R. Butler* for the defendant.

PER CURIAM. After the jury said that it could not reach a unanimous decision in this case, the circuit court declared a mistrial. Later, the court granted the defendant's motion for a directed verdict of acquittal. The issue is whether double jeopardy principles pre-

clude another trial. We hold that the defendant may be retried because the actual basis of the directed verdict was not insufficient evidence as required by MCR 6.419(A), and the defendant thus was not "acquitted."

I

The defendant was charged with two counts of first-degree criminal sexual conduct.[1] At trial, after the prosecution rested its case, he moved for a directed verdict of acquittal. The motion was denied by the visiting judge who was presiding at trial, and the defense rested without presenting evidence.

The jury deliberated about five hours, and then announced that it was deadlocked. The visiting judge declared a mistrial on the basis of manifest necessity, and the defendant immediately renewed his request for a directed verdict. The visiting judge declined to decide the motion, however, on the ground that it should be presented to the judge assigned to preside at the retrial.

Several weeks later, the defendant moved for a directed verdict before the newly assigned judge. This judge ruled that the motion should be heard by the visiting judge who had presided at trial.

A couple of months later, the visiting judge held a hearing and "conditionally" denied the motion. However, he said that the issue could be raised anew at the pretrial conference before the newly assigned judge, if the defendant were to locate authority for his position.

---

[1] MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

The defendant followed this suggestion, but the assigned judge once again sent the matter back to the visiting judge. This time, the visiting judge ruled that the defendant was entitled to a directed verdict of acquittal. The court reasoned that the prosecution had not presented proof beyond a reasonable doubt of the elements of either crime charged in the information.

The prosecutor appealed. The Court of Appeals agreed that the trial judge had erred in granting a directed verdict, but ruled two to one to dismiss the appeal.[2] The majority said that the defendant could not be tried again, regardless of the erroneous ruling, because double jeopardy principles preclude a retrial after a directed verdict of acquittal.[3]

The prosecutor has asked this Court to intervene.

II

A person may not be twice placed in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. When a defendant exercises the right to trial by jury, jeopardy generally attaches at the time the jury is selected and sworn. *People v Dawson*, 431 Mich 234, 251; 427 NW2d 886 (1988). If the trial is concluded prematurely, a retrial for that offense is prohibited unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity. *Id.*, pp 251-253.

One circumstance that constitutes a manifest necessity is the jury's failure to reach a unanimous verdict. When this occurs, and the trial court declares

---

[2] MCR 7.203(E), and MCL 770.12; MSA 28.1109.

[3] 213 Mich App 353; 539 NW2d 593 (1995).

a mistrial, a retrial is not precluded because the original jeopardy has not been terminated, i.e., there has not been an assessment of the sufficiency of the prosecution's proofs. *People v Thompson*, 424 Mich 118; 379 NW2d 49 (1985), and *Richardson v United States*, 468 US 317; 104 S Ct 3081; 82 L Ed 2d 242 (1984).

Were that all that had occurred here, the prosecution properly could have tried the defendant again, despite the jury deadlock and the declaration of mistrial. But there is more: The visiting judge also granted the defendant's motion for a directed verdict of acquittal.

A defendant may not be retried after an acquittal that is granted on the basis of insufficient evidence. *People v Anderson*, 409 Mich 474, 492; 295 NW2d 482 (1980). However, the trial court's characterization of its ruling is not dispositive, and what constitutes an "acquittal" is not controlled by the form of the action. *Id.*, pp 486-487.

As explained by the dissenting judge in the Court of Appeals, even an order that is not termed an acquittal may, in fact, rest upon a finding of insufficient evidence. In such a circumstance, the defendant could not be retried. Conversely, an action that is labeled an acquittal may, in truth, be premised on a different ground than insufficient evidence. In that situation, it would not violate principles of double jeopardy to retry the defendant.

Thus, a reviewing court must look to the substance of the decision to "determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged . . . ."

*Id.*, p 486, quoting *United States v Martin Linen Supply Co*, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977). Retrial is not permitted if the trial court evaluated the evidence and determined that it was *legally insufficient* to sustain a conviction. *Id.*

### III

In granting the motion for a directed verdict of acquittal in the instant case, the visiting judge said that the basis of his ruling was the absence of proof beyond a reasonable doubt of the elements of first-degree criminal sexual conduct, particularly the element of intent. In explaining the ruling, the court focused almost exclusively on the complainant's testimony, and on its conclusion that her testimony was not credible.

However, it is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for a directed verdict of acquittal, no matter how inconsistent or vague that testimony might be. *People v Herbert*, 444 Mich 466, 473-474; 511 NW2d 654 (1993).

A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992).

In ruling on the defendant's motion in the instant case, there is no indication that the visiting judge considered "all" the evidence in a light most favorable to the prosecution. Indeed, by concentrating on the complainant, and disregarding her testimony as unbeliev-

able, the visiting judge failed altogether to rule on the sufficiency of the prosecution's proofs.[4] Thus, there was no acquittal, regardless of how the trial court characterized its decision, and a retrial is not precluded under the Double Jeopardy Clauses of the federal and state constitutions.

IV

For the reasons stated, we reverse the judgments of the Court of Appeals and the circuit court, and we remand this matter to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

MALLETT, C.J., and BRICKLEY, BOYLE, RILEY, and WEAVER, JJ., concurred.

CAVANAGH, J., concurred only in the result.

KELLY, J., took no part in the decision of this case.

---

[4] The dissenting judge in the Court of Appeals recounted the testimony of witnesses other than the complainant to demonstrate that the visiting judge's ruling pertained to the weight of the evidence, not to its sufficiency. However, it was not necessary to analyze the other testimony to discern that the trial court erred in considering the complainant's credibility, and never ruled on the sufficiency of the prosecution's proofs.