# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

AUDREY COKLOW-EL,

        Defendant-Appellee.

UNPUBLISHED
May 23, 2017

No. 331156
Wayne Circuit Court
LC No. 12-001055-01-FH

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Following reversal of defendant Audrey Coklow-El's convictions by this Court in 2013, the prosecutor sought to retry defendant on the same charges. The circuit court concluded that retrial was barred by double jeopardy and dismissed the charges. The prosecutor appeals as of right the order dismissing the charges. We reverse.

## I. RELEVANT PROCEDURAL FACTS

In *People v Coklow-El*, unpublished opinion per curiam of the Court of Appeals, issued December 17, 2013 (Docket No. 311598), this Court reversed defendant's convictions of forgery, MCL 750.248, uttering and publishing, MCL 750.249, and recording a fraudulent conveyance of real property, MCL 565.371. The Court explained that the trial court did not comply with MCR 6.005(E)[1] when rejecting defendant's request on the first day of trial to revoke her waiver of counsel. Although the trial court found defendant had not diligently sought counsel, it failed to find that prejudice would result.[2] This Court determined that the trial court's

---

[1] In relevant part, MCR 6.005(E) provides that "[t]he court may refuse to adjourn a proceeding to appoint counsel or allow a defendant to retain counsel if an adjournment would significantly prejudice the prosecution, and the defendant has not been reasonably diligent in seeking counsel."

[2] "In fact, when the trial court asked the prosecution if it would be prejudiced if an adjournment was granted, the prosecution responded that it would not. We likewise discern no evidence that the prosecution would have been significantly prejudiced in this case." *Coklow-El*, unpub op at 3-4.

error completely deprived defendant of counsel at a critical stage, being trial, and that reversible error had occurred. At the end of its opinion, the majority opinion concluded, "The trial court improperly denied defendant's request for an attorney. We reverse. We do not retain jurisdiction." The Supreme Court denied the prosecution's application for leave to appeal, *People v Coklow-El*, 495 Mich 981 (2014), and the prosecution initiated proceedings to retry defendant.

On the day scheduled for retrial, defendant moved to dismiss the charges against her. Defense counsel argued that, because this Court, after reversing defendant's prior convictions, had not explicitly remanded the matter to the trial court, the trial court lacked jurisdiction. The trial court rejected this argument, but concluded that the constitutional protection against double jeopardy barred defendant's retrial on the same charges. Thus, it granted defendant's motion for dismissal.

## II. ANALYSIS

On appeal, the prosecution argues that the trial court's order of dismissal should be reversed because the prohibition against double jeopardy does not apply under the circumstances presented. We agree.

"A double jeopardy challenge presents a question of constitutional law that this Court reviews de novo." *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004). "The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15." *Id*. at 574. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *Id*. Generally, however, a defendant who successfully appeals a conviction is subject to retrial. *Tibbs v Florida*, 457 US 31, 39-40; 102 S Ct 2211; 72 L Ed 2d 652 (1982) (noting that the Supreme Court ruled as far back as 1896 that a defendant who successfully appealed a judgment may be prosecuted for the same offense). The rationale for this general rule is well-explained in *Burks v US*, 437 US 1, 15; 98 S Ct 2141; 57 LEd2d 1 (1978):

> . . . [R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e. g.*, incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

A narrow exception to the general rule occurs where "the reviewing court has found the evidence legally insufficient' to support a conviction." *Id*. at 40-41, citing *Burks v United States*, 437 US 1, 18; 98 S Ct 2141; 57 L Ed 2d 1 (1978); *Greene v Massey*, 437 US 19, 24; 98 S Ct 2151; 57 L Ed 2d 15 (1978). Where the reviewing court has reversed a defendant's convictions because of

insufficiency of the evidence, double jeopardy bars the prosecution from charging the defendant with and retrying the defendant on the same charges. *Tibbs*, 457 US at 40-41. As the *Tibbs* Court explained, "[t]his prohibition, lying at the core of the Clause's protections, prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Id*. at 41. This Court's decisions likewise reflect that reprosecution following reversal of a conviction is permissible unless the reviewing court based reversal on insufficiency of the evidence. See *People v Payne*, 285 Mich App 181, 201; 774 NW2d 714 (2009).

In the present case, this Court reversed defendant's convictions based on error concerning defendant's revocation of the waiver of right to counsel, not on insufficiency of the evidence. No special exception has been recognized where reversal of the convictions was premised on error involving the right to counsel. See e.g., *People v Trakhtenberg*, 493 Mich 38, 59; 826 NW2d 136 (2012) (concluding that trial counsel was constitutionally ineffective and specifying that the case was "remanded to the trial court for a new trial.").

Part of the protection against multiple prosecutions is the right for a criminal defendant to have the trial completed by a particular tribunal. *Oregon v Kennedy*, 456 US 667, 671-672; 102 S Ct 2083; 72 L Ed 2d 416 (1982). "If the trial is concluded prematurely, a retrial for that offense is prohibited unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity." *People v Mehall*, 454 Mich 1, 4-5; 557 NW2d 110 (1997). See also *Evans v Michigan*, ___ US ___; 133 S Ct 1069, 1074-1075; 185 L Ed 2d 124, 133-134 (2013) (distinguishing the double jeopardy ramifications of a directed verdict of acquittal from a procedural dismissal unrelated to factual guilt). That aspect of double jeopardy protection is not implicated here because defendant's first trial was completed.

Defendant and the trial court found it significant that this Court's prior opinion did not expressly state that the matter was remanded for a new trial. The omission of this phrase may simply have reflected the Court's awareness that the prosecutor has a choice whether to retry defendant. See *Payne*, 285 Mich App at 201 ("Thus, the prosecution may retry defendant on these charges if it so chooses.") In any event, whether double jeopardy bars re-prosecution does not depend on the inclusion of that phrase.

III. CONCLUSION

Because this Court previously reversed defendant's convictions on grounds other than insufficiency of the evidence, the protection against double jeopardy did not bar a new trial of defendant on the same charges of which a jury previously convicted her.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro