*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RAVONN MARQUISE REYNOLDS,

        Defendant-Appellee.

UNPUBLISHED
June 22, 2023

No. 363252
Ionia Circuit Court
LC No. 2021-018254-FC

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order dismissing with prejudice one count of being a prisoner in possession of a controlled substance (PPCS), MCL 800.281(4). Because double jeopardy precludes retrial of this offense, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In September 2020, correctional officers at the Michigan Reformatory received a tip of possible contraband. The officers conducted a search of defendant's cell, in which they discovered a suspected controlled substance hidden within two deodorant stick containers. At trial, Susan Isley, Controlled Substances Supervisor at the Michigan State Police Crime Laboratory, testified she tested the substance and confirmed that it contained buprenorphine, a Schedule III controlled substance. The prosecution made no attempt to qualify Isley as an expert witness, and the defense did not object to this failure. The trial court also entered, without objection, Isley's lab report with her opinion that the seized contraband was buprenorphine. After the prosecution rested, the trial court noted the prosecution's failure to offer an expert witness, concluding Isley's testimony amounted to "lay opinion" testimony. It ordered a dismissal with prejudice because the jury could not convict defendant of the charged offense without expert testimony identifying the substance at issue. This appeal followed.

-1-

## II. DOUBLE JEOPARDY

The prosecution argues the trial court's dismissal was a mistrial, and therefore, the charge against defendant should be reinstated. Defendant contends double jeopardy bars retrial because the dismissal with prejudice amounted to an acquittal. We agree with defendant.

### A. STANDARD OF REVIEW

The invocation of the double jeopardy clause is a constitutional issue, which we review de novo. *People v Lett*, 466 Mich 206, 212; 644 NW2d 743 (2002).

### B. LAW AND ANALYSIS

The Fifth Amendment to the United States Constitution provides that no person "be subject for the same offence to be twice put in jeopardy of life or limb." US Const, Am V; see also Const 1963, art 1, § 15. The prohibition against double jeopardy protects "against a second prosecution for the same offense after acquittal." *People v Ford*, 262 Mich App 443, 447; 687 NW2d 119 (2004). "[A]n acquittal and retrial is impermissible when the judge evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." *People v Szalma*, 487 Mich 708, 721; 790 NW2d 662 (2010) (quotation marks and citation omitted).

"However, the general rule permitting the prosecution only one opportunity to obtain a conviction must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Lett*, 466 Mich at 215 (quotation marks and citations omitted). When a trial ends prematurely, "a retrial for that offense is prohibited unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity." *People v Mehall*, 454 Mich 1, 4; 557 NW2d 110 (1997).

The trial court did not specify whether its dismissal with prejudice was an acquittal or a mistrial. "Although an acquittal or conviction is considered an adjudication on the merits, a mistrial is a trial that the judge brings to an end, without a determination on the merits." *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007) (alterations, quotation marks, and citations omitted). This Court must "look to the substance of the trial court's ruling, not its outward form," to ascertain the reason a court ended trial. *Szalma*, 487 Mich at 722.

In dismissing this case, the trial court referenced the elements of PPCS,[1] stating the "heart of the crime" was whether defendant possessed a controlled substance. To that end, the trial court stated: "There is nothing on the record—the People have rested now—that I think a jury, a reasonable jury, could make that leap, if you will, at this point that this is a controlled substance without that expert testimony." In other words, the trial court determined there was insufficient evidence to convict defendant of PPCS. A determination of the sufficiency of the evidence is an

---

[1] To prove PPCS, the prosecution must show, (1) "that the defendant is, in fact, a 'prisoner;' " and (2) "that the defendant 'possessed' a controlled substance . . . ." *People v Ramsdell*, 230 Mich App 386, 392; 585 NW2d 1 (1998).

adjudication on the merits.  See, e.g., *Szalma*, 487 Mich at 721.  Therefore, the trial court's dismissal is properly characterized as an acquittal, not a mistrial.  As such, double jeopardy attaches and the prosecution cannot retry this offense.[2]

Having concluded retrial is barred by double jeopardy, we need not consider the prosecution's remaining arguments.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

---

[2] We note the prosecution takes issue with the trial court raising its concern, sua sponte, about Ms. Isley's testimony only after the prosecution rested its case.  The trial court explained that it was exercising its gatekeeping role to "prevent error in trials."  While we agree that trial courts serve an important gatekeeping role regarding the admissibility of evidence, we are perplexed why the trial court did not serve this function during Ms. Isley's testimony.  It is likewise unclear why the trial court would admit a lab report containing expert opinions that it would later conclude could not be considered as evidence by the jury.