*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASMINE BRESHAY WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2026
9:09 AM

No. 371633
Wayne Circuit Court
LC No. 23-006429-01-FH

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and carrying or possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. BACKGROUND

This case arises out of defendant's assault of Toniesha Stewart. About a month before the assault, Stewart met Marlon Pops while giving him a ride through the rideshare service for which she worked. Pops testified that his relationship with Stewart became romantic. Stewart denied this. Regardless, throughout this time, Pops had an ongoing romantic relationship with defendant, and on the night of the assault, Pops told defendant that he was romantically involved with Stewart.

Stewart testified that on the night of the assault, she went to Pops' work to pick him up, but he told her to come back in a couple of hours because he would not be done with work until then.[1] So, Stewart left, and as she was leaving, she noticed a white SUV trailing closely behind her. After driving for a few minutes, Stewart noticed that the white SUV was still closely following her. Stewart decided to pull into a driveway, then watched as the white SUV passed her, drove through a red light, and performed a U-turn. The SUV was then facing Stewart's vehicle, and

---

[1] Stewart testified that this pickup was orchestrated through a rideshare app, and that she was communicating with Pops through the app.

-1-

Stewart continued watching as defendant exited the SUV, came over to Stewart's vehicle with a small black handgun, pointed it at Stewart through the windshield, and then started banging on the hood of Stewart's vehicle with the butt-end of the gun. Stewart testified that, while doing this, defendant told Stewart that she was going to kill her. Defendant eventually walked away, and Stewart was able to drive off and call the police.

Upon speaking with Stewart, the police were able to determine that the white SUV was registered to an address where Pops and defendant lived. An officer went to defendant's home, where defendant admitted that the incident happened but claimed that she was holding a hammer. The officer arrested defendant for felonious assault and transported her to a detention center. There, defendant admitted that she was holding a firearm (registered to Pops) when she confronted Stewart, but she claimed that she kept the firearm in her sleeve and never pointed it at Stewart.

Defendant was later charged with felonious assault and felony-firearm. The day before trial, defense counsel filed an amended witness list, listing five witnesses. On the first day of trial, before the parties made their opening statements, the trial court noted that it could not find an original witness list filed by defense counsel. Defense counsel insisted that he filed an original witness list but claimed that it did not matter because the prosecution had consented to allow two of the witnesses on the defendant's amended witness list to testify.

Defendant was convicted as stated earlier. This appeal followed.

## II. SUFFICIENCY OF EVIDENCE

Defendant argues that the evidence presented at her trial was insufficient to support her convictions of felonious assault and felony-firearm. We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Montague*, 338 Mich App 29, 44; 979 NW2d 406 (2021). The relevant inquiry is whether, viewing the evidence in the light most favorable to the prosecution, a reasonable juror "could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). Viewing the evidence in the light most favorable to the prosecution includes drawing all reasonable inferences and making all credibility determinations in support of the jury verdict. *People v Gonzalez*, 468 Mich 636, 640-641; 664 NW2d 159 (2003). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted). It is the role of the factfinder—not the appellate court—to "determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Defendant was convicted of felonious assault and felony-firearm. A person is guilty of felony-firearm if the evidence shows that the person was carrying a firearm "when he or she commits or attempts to commit a felony." MCL 750.227b(1). See also *People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018). As relevant here, a person is guilty of felonious assault if that person "assaults another person with a gun . . . without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.82(1). This entails proving three elements:

(1) that an assault occurred, (2) that the assailant used a dangerous weapon to effectuate the assault, and (3) that the assailant did so "with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). An assault occurs if a person "attempt[s] to commit a battery" or commits "an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Battery is "an intentional, unconsented and harmful or offensive touching of the person of another." *Id*. (quotation marks and citation omitted).

Stewart testified that defendant pulled out a firearm, walked over to Stewart's vehicle, pointed the firearm at Stewart, then started banging it on the hood of Stewart's vehicle. Stewart also testified that while defendant was doing this, she kept saying that she was going to kill Stewart. This testimony, if believed, provided a sufficient basis for the jury to find beyond a reasonable doubt that defendant committed an unlawful act that placed Stewart in reasonable apprehension of an immediate battery, that she did so intentionally, and that she used a firearm to do so. This evidence was thus sufficient to support defendant's convictions of felonious assault under MCL 750.82(1) and felony-firearm under MCL 750.227b(1).

Defendant counters that Stewart's testimony was not worthy of belief because it was inconsistent. This argument is misplaced. The standards for reviewing a challenge to the sufficiency of the evidence are the same for reviewing a motion for a directed verdict, see *People v Thurmond*, 348 Mich App 715, 722; 20 NW3d 311 (2023), and "it is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for a directed verdict of acquittal, no matter how inconsistent or vague that testimony might be," *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997). By extension, it is not permissible for a court to determine the credibility of witnesses in deciding whether the evidence was sufficient to support a defendant's conviction, "no matter how inconsistent or vague that testimony might be." *Id*. That appellate courts do not assess witness credibility in the context of a challenge to the sufficiency of the evidence is well established. See, e.g., *People v Solloway*, 316 Mich App 174, 181-182; 891 NW2d 255 (2016); *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020). If a defendant seeks to challenge a conviction on grounds that a witness's testimony was incredible, then the defendant should raise a great-weight-of-the-evidence challenge. See *People v Lemmon*, 456 Mich 625, 636; 576 NW2d 129 (1998). That Stewart's testimony supporting defendant's conviction was inconsistent is not grounds for concluding that the evidence was insufficient to support defendant's conviction, and defendant's argument to the contrary is without merit.[2]

---

[2] Even if defendant had properly challenged Stewart's credibility in the context of arguing that her conviction was against the great weight of the evidence, the argument would be without merit. A court may not upset a jury's verdict simply because the court disagrees with the jury's assessment of a witness's credibility. See *Lemmon*, 456 Mich at 644. A court can only overturn a jury's verdict on grounds that a witness's testimony was incredible if that testimony "was so far impeached that it was deprived of all probative value or that the jury could not believe it," or if the testimony "contradicted indisputable physical facts or defied physical realities." *Id*. at 643-646. While Stewart's testimony was inconsistent and, at times, difficult to follow, it did not meet the

## III.  INEFFECTIVE ASSISTANCE

Defendant next contends that she is entitled to a new trial because her trial counsel was ineffective.  We disagree.

"Ordinarily, whether a defendant has been denied effective assistance of counsel is a mixed question of fact and law." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021).  "[T]he trial court's factual findings supporting its decision are reviewed for clear error, while the court's determination of whether those facts violated the defendant's right to the effective assistance of counsel is reviewed de novo." *Id*.  Here, however, defendant "failed to obtain an evidentiary hearing to expand the record, so there are no factual findings to which this Court must defer, and this Court's review is instead limited to errors apparent on the record." *Id*.

To establish an ineffective-assistance claim, the defendant "bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of defendant's trial would have been different." *Solloway*, 316 Mich App at 188.  "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).  "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant first contends that her trial counsel was ineffective because he submitted an amended witness list naming five witnesses, but when questions arose about whether counsel had submitted an initial witness list, counsel represented that it was irrelevant because the prosecution had stipulated to two witnesses.  This performance, according to defendant, was objectively unreasonable because it is not clear "whether the abandonment of three of the witnesses on [counsel's] witness list was intended."  Assuming without deciding that this aspect of defense counsel's performance was objectively unreasonable, defendant fails to explain how she was prejudiced by this performance.  Defendant does not identify who these uncalled witnesses were or what they would have said if called to testify at defendant's trial.  Without this information, we cannot conclude that, had these witnesses been called, there is a reasonable probability that the outcome of defendant's trial would have been different.  See *Solloway*, 316 Mich App at 188.[3]

Defendant next contends that her trial counsel was ineffective because he "was redirected or interrupted by the [trial] Court regarding his trial method, particularly during cross-examination

---

high bar necessary for a court to step in and take the credibility determination out of the hands of the jurors.

[3] We also note that it is defendant's burden to establish her ineffective-assistance claim, see *Solloway*, 316 Mich App at 188, so it was her responsibility to furnish this information to the Court.  Her failure to do so is akin to failing to establish the factual predicate of her claim.  See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

of the Prosecutor's witnesses." But defendant, for the most part, does not discuss any supposedly unreasonable conduct in which defendant's trial counsel engaged; defendant instead focuses on how the trial court responded to defendant's trial counsel's conduct. For instance, defendant highlights instances where the court redirected her trial counsel's questioning of a witness, and other times where the court assisted counsel in asking questions or refreshing a witness's memory. How the court responded to defendant's trial counsel's actions does not, standing alone, establish that counsel's performance was objectively unreasonable. It is defendant's burden to prove her ineffective-assistance claim, and simply observing how the trial court responded to her trial counsel's conduct does not establish that his performance was objectively unreasonable.[4]

Defendant does highlight one action taken by her trial counsel that was objectively unreasonable. During the prosecution's direct examination of Pops, the prosecutor asked Pops if he was "aware that [defendant] used [Pops'] firearm to commit a felonious assault," in response to which Pops said that defendant "couldn't have used [his] firearm." Defendant's trial counsel objected on grounds that the prosecutor's question was leading, and he asked that the question and answer be stricken. We agree with defendant that this objection was objectively unreasonable because Pops' answer was favorable to defendant's case. That said, the trial court did not sustain the objection or strike Pops' answer, so defendant was plainly not prejudiced by her trial counsel's unreasonable objection to Pops' testimony.

For these reasons, we conclude that defendant has failed to meet the "heavy burden" of establishing that her counsel provided ineffective assistance. *Solloway*, 316 Mich App at 188.

Affirmed.


/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

[4] Defendant, of course, could have discussed her trial counsel's conduct that led to the trial court interventions, then explained how that conduct demonstrated that her counsel's performance was deficient. But defendant does not do that; she instead focuses exclusively on what the trial court said and did in response to her trial counsel's conduct.